# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DURA AUTOMOTIVE SYSTEMS, INC., <u>et al.</u>,<br><br>Debtors. | Chapter 11<br><br>Case No. 06-11202-KJC<br><br>Jointly Administered |

## NOTICE OF APPEAL

Pursuant to 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8001, certain beneficial holders of 9% senior subordinated notes due May 2009, issued by Dura Operating Corp. (the "9% Noteholders")[1], by and through their undersigned counsel, hereby give notice of appeal to the United States District Court for the District of Delaware from the decision of the Bankruptcy Court entitled "Order Pursuant to 11 U.S.C. § 363(b) Approving Amendment to Amended Backstop Rights Purchase Agreement [Docket No. 1974] (the "Order").

The names of all parties to the Order appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

**Party**

**APPELLANT:**            **The 9% Noteholders**

*Represented By:*

Tobey M. Daluz, Esquire
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
Phone: (302) 252-4465

---

[1]  Thomas A. and Pattiann Kurak, J.W. Korth & Company, Charles T. Kurak, Tamara A. Kurak, Richard J. Thielen, Jeffrey S. Einstein, Jason A. Pieper, Jeffrey R. Werner, Curtis H. Werner, Donald L. Welker, Jeff Comfort, Daniel S. Hennum and Carl E. Kruger. Additionally, J.W. Korth & Company renders investment advice to beneficial holders of and additional $8,050,000.00 of the 9% Notes.

and

Vincent J. Marriott, III, Esquire
Jesse N. Silverman, Esquire
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Phone: (215) 665-8500

**APPELLEE:**   **Debtors, Dura Automotive Systems, Inc., et al.[2]**

*Represented By:*

Daniel J. DeFranceschi, Esquire
Jason M. Madron, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Phone: (302) 651-7700

and

Richard M. Cieri, Esquire
Mark Kieselstein, P.C.
Roger J. Higgins, Esquire
Ryan Blaine Bennett, Esquire
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
Phone: (312) 861-2000

---

[2] The "Debtors" comprise the entities set forth in the *Order Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure Directing Joint Administration of the Debtors' Chapter 11 Cases*, entered on October 31, 2006 [Docket No. 68].

Respectfully submitted,

Dated: October 5, 2007
Wilmington, Delaware

BALLARD SPAHR ANDREWS & INGERSOLL, LLP

By: /s/ Tobey M. Daluz
    Tobey M. Daluz, Esquire (No. 3939)
    919 Market Street, 12th Floor
    Wilmington, DE 19801
    Phone:   (302) 252-4465
    Facsimile: (302) 252-4466
    E-mail: daluzt@ballardspahr.com

and

Vincent J. Marriott, III, Esquire
Jesse N. Silverman, Esquire
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Phone: (215) 665-8500
Facsimile: (215) 864-9762
E-mail: marriott@ballardspahr.com
      silvermanj@ballardspahr.com

Attorneys for the 9% Noteholders

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| DURA AUTOMOTIVE SYSTEMS, INC., et al.,[1] | ) ) ) | Case No. 06-11202 (KJC) |
| | ) | Jointly Administered |
| Debtors. | ) ) | Re: Docket No. 1897 |

## ORDER PURSUANT TO 11 U.S.C. § 363(b) APPROVING AMENDMENT TO AMENDED BACKSTOP RIGHTS PURCHASE AGREEMENT

Upon the motion (the "Motion") of the Debtors for entry of an order pursuant to section 363(b) of the Bankruptcy Court to authorize the Debtors to enter into Amendments;[2] and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and the Amendment having been negotiated in good faith and at arm's length between the Debtors and Backstop Party; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157; and venue of this proceeding and this Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion and the opportunity for a hearing on the Motion being appropriate under the particular circumstances and with no need to provide further notice; and after due deliberation and sufficient cause appearing therefore; and for the reasons stated on the record at the hearing before the Court on October 3, 2007, it is hereby

---

[1] The "Debtors" comprise the entities set forth in the *Order Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure Directing Joint Administration of the Debtors' Chapter 11 Cases*, entered on October 31, 2006 [Docket No. 68].

[2] All capitalized terms used in this order and not otherwise defined herein have the meaning ascribed to such terms in the Motion.

ORDERED that, the Motion is granted; and it is further

ORDERED that, the Debtors are authorized to enter into an amendment adding new sections 3.15 and 8.13(a)(7) (the "Amendment") to Section 8.13 certain *Amended Backstop Rights Purchase Agreement*, dated as of August 13, 2007, by and among Dura Automotive Systems, Inc., and Pacificor, LLC (the "Backstop Party") [Docket No. 1611] (the "Backstop Agreement") on the following terms:

> New section 3.15 is added to the Backstop Agreement to provide an additional representation and warranty of the Company to the Backstop Party:
>
>> As of the Effective Date, the record number of holders of New Common Stock (as determined in accordance with Rule 12g5-1 under the Securities Exchange Act of 1934, as amended, or any successor rule or interpretation) shall not require the Reorganized Debtors, as of the Effective Date, to register the New Common Stock pursuant to section 12 of the Securities Exchange Act of 1934, as amended, and the rules and regulations promulgated thereunder.
>
> New section 8.13(a)(7) is added to the Backstop Agreement to provide the Backstop Party with the "right, but not the obligation," to terminate the Backstop Agreement if:
>
>> The Debtors cannot make the representation set forth in section 3.15 (after consultation with the Backstop Party and the Creditors' Committee); *provided*, *however*, that if the Backstop Party determines that it wishes to invest funds in excess of its commitment herein to pay the Backstop Purchase Price, then it shall have the option in its sole discretion to purchase, at the same price at which the Rights Offering Shares are purchased pursuant hereto, sufficient additional shares of New Common Stock to provide cash necessary to distribute cash to sufficient Class 3A Senior Notes Claims on the same terms and conditions as distributions are made to Class 3B Senior Notes Claims such that, as of the Effective Date, the Reorganized Debtors would not be required to register the New Common Stock pursuant to section 12 of the Securities Exchange Act of 1934, as amended, and the rules and regulations promulgated thereunder.

and it is further

ORDERED that the Debtors and the Backstop Party shall amend the Backstop Agreement consistent with the terms of this Order and file it on the docket; and it is further

ORDERED that any objections to the entry of this order or the relief granted herein and requested in the Motion that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby denied and overruled on the merits with prejudice; and it is further

ORDERED, that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order; and it is further

ORDERED, that, notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062, 9014, or otherwise, the terms and conditions of this order shall be immediately effective and enforceable upon its entry; and its is further

ORDERED, that this court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated: October 4, 2007
Wilmington, Delaware

The Honorable Kevin J. Carey
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

**APPEAL TRANSMITTAL SHEET**

Case Number: _____  ○ BK  ○ AP
   If AP, related BK Case Number: _____

Title of Order Appealed:
_____
      Docket Number: _____     Date Entered: _____

Item Transmitted:  ○ Notice of Appeal     ○ Motion for Leave to Appeal
                ○ Amended Notice of Appeal     ○ Cross Appeal
            Docket Number: _____     Date Filed: _____

*Appellant/Cross Appellant:     *Appellee/Cross Appellee
_____     _____

Counsel for Appellant:     Counsel for Appellee:
_____     _____
_____     _____
_____     _____
_____     _____

*If additional room is needed, please attach a separate sheet.

Filing Fee paid?  ○ Yes  ○ No

IFP Motion Filed by Appellant?  ○ Yes  ○ No

Have Additional Appeals to the Same Order been Filed?  ○ Yes  ○ No
   If so, has District Court assigned a Civil Action Number?  ○ Yes  ○ No  Civil Action # _____

Additional Notes:
_____

_____     By: _____
Date                                     Deputy Clerk

_____
                                               FOR USE BY U.S. BANKRUPTCY COURT

Bankruptcy Court Appeal (BAP) Number: _____
7/6/06