IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DURA AUTOMOTIVE SYSTEMS, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 06-11202-KJC<br><br>Jointly Administered |

**STATEMENT OF ISSUES AND DESIGNATION OF RECORD ON APPEAL OF CERTAIN HOLDERS OF 9% SENIOR SUBORDINATED NOTES OF DURA OPERATING CORP. FROM ORDER ENTERED BY THE BANKRUPTCY COURT ON OCTOBER 4, 2007 [DOCKET NO. 1974]**

Certain beneficial holders[1] of 9% senior subordinated notes due May 2009, issued by Dura Operating Corp., by and through undersigned counsel, pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby submit their statement of the issues to be presented and designate the record on appeal to the United States District Court for the District of Delaware (the "District Court") with respect to the order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), dated October 4, 2007 [Docket No. 1974] (the "Order") which grants the Debtors' Emergency Motion for an Order Pursuant to 11 U.S.C. § 363(b) Approving Amendment to Amended Backstop Rights Purchase Agreement [Docket No. 1897] (the "Motion to Amend").

**Issues to be Presented on Appeal**

1.   The Bankruptcy Court erred as a matter of law in determining that it continues to have jurisdiction over the issues presented by the Motion to Amend and any

---

[1]   Thomas A. and Pattiann Kurak, J.W. Korth & Company, Charles T. Kurak, Tamara A. Kurak, Richard J. Thielen, Jeffrey S. Einstein, Jason A. Pieper, Jeffrey R. Werner, Curtis H. Werner, Donald L. Welker, Jeff Comfort, Daniel S. Hennum and Carl E. Kruger ("Certain 9% Noteholders").

matters, documents, or issues currently on appeal before the District Court at Civil Action No. 07-576, Bankruptcy Appeal No. 07-89.

2. The Bankruptcy Court erred as a matter of law in determining that it continues to have jurisdiction to permit amendments to that certain Amended Backstop Rights Purchase Agreement, dated as of August 13, 2007, by and among Dura Automotive Systems, Inc. and Pacificor, LLC (the "Backstop Agreement").

3. The Bankruptcy Court erred as a matter of fact and law in granting the Motion to Amend under the business judgment test and by not applying a higher standard of scrutiny.

4. The Bankruptcy Court erred as a matter of fact and law in determining that the Debtors' agreement to further amend the Backstop Agreement represents a sound exercise of their business judgment, is consistent with their fiduciary duties and is based on good, sufficient and sound business purposes and justifications.

5. The Bankruptcy Court erred as a matter of fact and law in determining that the relief granted was in the best interests of the Debtors and their estates, creditors and interest holders and all other parties in interest in the chapter 11 cases.

## Designation of Items to be Included in Record on Appeal[2]

1. Motion for Entry of an Order Under Sections 363 and 503 of the Bankruptcy Code Authorizing the Debtors to (I) Enter Into a Backstop Rights Purchase Agreement in Connection With a Contemplated Rights Offering and (II) Pay Certain Associated Fees [Docket No. 1430].

---

[2] Each designated item includes any exhibits to such item. Each reference to "Docket No.__" includes all documents within that Docket number.

2. Declaration of Durc Savini, Managing Director of Miller Buckfire & Co., LLC, in Support of the Debtors' Motion for Entry of an Order Under Sections 363 and 503 of the Bankruptcy Code Authorizing the Debtors to (I) Enter Into a Backstop Rights Purchase Agreement in Connection With a Contemplated Rights Offering and (II) Pay Certain Associated Fees [Docket No. 1487].

3. Notice of Adjourned/Rescheduled Hearing Concerning Motion for Entry of an Order Under Sections 363 and 503 of the Bankruptcy Code Authorizing the Debtors to (I) Enter Into a Backstop Rights Purchase Agreement in Connection With a Contemplated Rights Offering and (II) Pay Certain Associated Fees [Docket No. 1489].

4. Backstop Rights Purchase Agreement in Connection with Motion for Entry of an Order Under Sections 363 and 503 of the Bankruptcy Code Authorizing the Debtors to (I) Enter Into a Backstop Rights Purchase Agreement in Connection With a Contemplated Rights Offering and (II) Pay Certain Associated Fees [Docket No. 1540].

5. Objection of 9% Noteholders to Motion for Entry of an Order Under Sections 363 and 503 of the Bankruptcy Code Authorizing the Debtors to (I) Enter into a Backstop Rights Purchase Agreement in Connection with a Contemplated Rights Offering and (II) Pay Certain Associated Fees [Docket No. 1545].

6. Joinder of HSBC Bank USA, National Association to Objection of 9% Noteholders to Motion for Entry of an Order Under Sections 363 and 503 of the Bankruptcy Code Authorizing the Debtors to (I) Enter into a Backstop Rights Purchase Agreement in Connection with a Contemplated Rights Offering and (II) Pay Certain Associated Fees [Docket No. 1546].

7.  Objection of U.S. Bank Trust National Association to Debtors' Motion for Entry of an Order Under Sections 363 and 503 of the Bankruptcy Code Authorizing the Debtors to (I) Enter into a Backstop Rights Purchase Agreement in Connection with a Contemplated Rights Offering and (II) Pay Certain Associated Fees [Docket No. 1547].

8.  Response to Motion to Authorize the Debtors to (I) Enter Into a Backstop Rights Purchase Agreement in Connection With a Contemplated Rights Offering and (II) Pay Certain Associated Fees [Docket No. 1552].

9.  Emergency Motion of Official Committee Of Unsecured Creditors to Approve an Order Expediting Discovery and, or in the Alternative, Adjourning Hearing on the Debtors' Motion for Order Authorizing Debtors to (I) Enter Into a Backstop Rights Purchase Agreement in Connection with a Contemplated Rights Offering and (II) Pay Certain Associated Fees [Docket No. 1560].

10.  Objection of United States Trustee to Debtors' Motion for Entry of Order under Sections 363 and 503 of the Bankruptcy Code Authorizing the Debtors to (I) Enter into a Backstop Rights Purchase Agreement in Connection with a Contemplated Rights Offering and (II) Pay Certain Associated Fees [Docket No. 1563].

11.  Objection of Pacificor, LLC to the Emergency Motion of the Official Committee of Unsecured Creditors for an Order Expediting Discovery and, or in the Alternative, Adjourning Hearing on the Debtors' Motion for Order Authorizing Debtors to (I) Enter Into a Backstop Rights Purchase Agreement in Connection with a Contemplated Rights Offering and (II) Pay Certain Associated Fees [Docket No. 1568].

12.  Objection of the Debtors to the Emergency Motion of the Official Committee of Unsecured Creditors for an Order Expediting Discovery and, or in the

Alternative, Adjourning Hearing on the Debtors' Motion for Order Authorizing Debtors to (I) Enter Into a Backstop Rights Purchase Agreement in Connection with a Contemplated Rights Offering and (II) Pay Certain Associated Fees [Docket No. 1578].

13. Statement of the Official Committee of Unsecured Creditors in Connection with the Debtors' Motion for Entry of an Order Authorizing the Debtors to (i) Enter Into a Backstop Rights Purchase Agreement in Connection With a Contemplated Rights Offering and (ii) Pay Certain Associated Fees [Docket No. 1607].

14. Notice of Filing of (I) Amended Backstop Rights Purchase Agreement and (II) Stockholders' Agreement Term Sheet in Connection with Motion for Entry of an Order Under Sections 363 and 503 of the Bankruptcy Code Authorizing the Debtors to (I) Enter Into a Backstop Rights Purchase Agreement in Connection with a Contemplated Rights Offering and (II) Pay Certain Associated Fees [Docket No. 1611].

15. Debtors' Omnibus Response to Backstop Agreement Objections [Docket No. 1615].

16. Supplemental Objection and Joinder of 9% Noteholders to Objection of U.S. Bank Trust National Association, as Senior Subordinated Notes Trustee, to Debtors' Motion for Entry of an Order Under Sections 363 and 503 of the Bankruptcy Code Authorizing the Debtors to (I) Enter into a Backstop Rights Purchase Agreement in Connection with a Contemplated Rights Offering and (II) Pay Certain Associated Fees [Docket No. 1638].

17. Certification of Counsel for the Debtors Concerning Order Under Section 363 and 503 of the Bankruptcy Code Authorizing the Debtors to (I) Enter Into an

Amended Backstop Rights Purchase Agreement in Connection with a Contemplated Rights Offering and (II) Pay Certain Associated Fees [Docket No. 1670].

18. Notice of Filing of Revised Stockholders' Agreement Term Sheet in Connection with Motion for Entry of an Order Under Sections 363 and 503 of the Bankruptcy Code Authorizing the Debtors to (I) Enter Into a Backstop Rights Purchase Agreement in Connection with a Contemplated Rights Offering and (II) Pay Certain Associated Fees [Docket No. 1671].

19. Order Under Sections 363 and 503 of the Bankruptcy Code Authorizing the Debtors to (I) Enter Into an Amended Backstop Rights Purchase Agreement in Connection with a Contemplated Rights Offering and (II) Pay Certain Associated Fees [Docket No. 1680].

20. Transcript of Hearing on 8/15/07 Before the Honorable Kevin J. Carey [Docket No. 1700].

21. Notice of Appeal Re Order Under Sections 363 and 503 of the Bankruptcy Code Authorizing the Debtors to (I) Enter Into an Amended Backstop Rights Purchase Agreement in Connection with a Contemplated Rights Offering and (II) Pay Certain Associated Fees [Docket No. 1730].

22. Statement of Issues on Appeal and Designation of Record on Appeal From Order Entered by the Bankruptcy Court on August 20, 2007 [Docket No. 1777].

23. Transmittal of Record on Appeal to District Court [Docket No. 1850].

24. Emergency Motion for an Order Pursuant to 11 U.S.C. § 363(b) Approving Amendment to Amended Backstop Rights Purchase Agreement [Docket No. 1897].

25. Motion to Shorten Time Re: Emergency Motion for an Order Pursuant to 11 U.S.C. § 363(b) Approving Amendment to Amended Backstop Rights Purchase Agreement [Docket No. 1898].

26. Order Shortening Notice With Respect to Emergency Motion to Approve Amendment to Amended Backstop Rights Purchase Agreement [Docket No. 1903].

27. Debtors' First Amended Joint Plan of Reorganization [Docket No. 1924].

28. Blackline of Debtors' First Amended Joint Plan of Reorganization [Docket No. 1925].

29. Objection of Certain 9% Noteholders to Emergency Motion for an Order Pursuant to 11 U.S.C. Section 363(b) Approving Amendment to Amended Backstop Rights Purchase Agreement [Docket No. 1935].

30. Motion to Authorize Debtors to File a Reply to the Objection of Certain 9% Noteholders to Emergency Motion for an Order Pursuant to 11 U.S.C. Section 363(b) Approving Amendment to Amended Backstop Rights Purchase Agreement [Docket No. 1945].

31. Reply to Objection of Certain 9% Noteholders to Emergency Motion for an Order Pursuant to 11 U.S.C. Section 363(b) Approving Amendment to Amended Backstop Rights Purchase Agreement [Docket No. 1946].

32. Order Authorizing Debtors to File a Reply to the Objection of Certain 9% Noteholders to Emergency Motion for an Order Approving Amendment to Amended Backstop Rights Purchase Agreement [Docket No. 1952].

33. Order Pursuant to 11 U.S.C. § 363(b) Approving Amendment to Amended Backstop Rights Purchase Agreement [Docket No. 1974].

34.    Transcript of Hearing on 10/03/07 Before the Honorable Kevin J. Carey [Docket No. 2012].

35.    Notice of Appeal Re Order Pursuant to 11 U.S.C. § 363(b) Approving Amendment to Amended Backstop Rights Purchase Agreement [Docket No. 1982].

Respectfully submitted,

Dated: October 15, 2007  
Wilmington, Delaware

BALLARD SPAHR ANDREWS & INGERSOLL, LLP

By: /s/ Tobey M. Daluz  
Tobey M. Daluz, Esquire (No. 3939)  
919 Market Street, 12th Floor  
Wilmington, DE 19801  
Phone:    (302) 252-4465  
Facsimile: (302) 252-4466  
E-mail: daluzt@ballardspahr.com

and

Vincent J. Marriott, III, Esquire  
Jesse N. Silverman, Esquire  
1735 Market Street, 51st Floor  
Philadelphia, PA 19103  
Phone: (215) 665-8500  
Facsimile: (215) 864-9762  
E-mail: marriott@ballardspahr.com  
          silvermanj@ballardspahr.com

Attorneys for Certain 9% Noteholders